BLD-095                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3331
_____

EDWIN ESTIEN, JR.,
                                        Appellant

v.

MARY LOU SHOWALTER, Correctional Healthcare Administrator;
TRACY PARKES, Corizon Clinical Coordinator;
LIEUTENANT RAY DUNKLES;
CAPTAIN J. HARRIS; R.N. PAULA PRICE;
DR. LUIS O. ARANEDA

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil No. 1-13-cv-02474)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 18, 2018
Before:  RESTREPO, BIBAS and NYGAARD, Circuit Judges

(Opinion filed: January 23, 2018)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Edwin Estien, Jr., proceeding in forma pauperis, appeals from the District Court's grant of summary judgment in favor of the three remaining defendants in an action Estien brought pursuant to 42 U.S.C. § 1983.  For the reasons that follow, we will summarily affirm the District Court's judgment.

I.

Because we write primarily for the parties, we will recite only the facts necessary for our discussion.  During the time relevant to this litigation, Estien was incarcerated at the State Correctional Institution in Huntingdon, Pennsylvania.[1]  In April 2012, Estien injured his left wrist and thumb after a fight with another inmate.  He was subsequently placed into the Restrictive Housing Unit, which houses inmates in disciplinary or administrative custody.  He claims that he did not receive any medical assistance for his injuries for three days before he was taken to the emergency room at a nearby hospital.  He asserts that several institutional staff members violated his constitutional rights in the following months.

Specifically, he claims that defendant Lieutenant Ray Dunkle caused a three-day delay before he initially received medical treatment, in violation of the Eighth Amendment.  Estien also maintains that former Corrections Health Care Administrator Mary Lou Showalter and former Clinical Coordinator and current Health Services

---

[1]  Estien is presently incarcerated at the State Correctional Institution at Smithfield in Huntingdon, Pennsylvania.

2

Administrator Traci Parkes intentionally delayed scheduling or requesting medical appointments for him on a number of occasions. Finally, he asserts that Showalter violated his First Amendment rights by delaying or failing to request medical appointments for him in retaliation for his complaints to her.

In September 2013, Estien filed a complaint against these defendants and three others. The District Court dismissed Estien's claims against three defendants early in the litigation but allowed his claims against Dunkle, Showalter, and Parkes to continue. They moved for summary judgment on Estien's remaining claims, while Estien filed a cross-motion for summary judgment. The District Court granted defendants' motions for summary judgment on September 28, 2017, denying plaintiff's cross-motion for summary judgment. Estien timely appealed.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's grant of summary judgment; thus, we apply the same standard as the district court. Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). We will "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if the evidence is sufficient for a reasonable factfinder to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In evaluating a motion for summary judgment, "all justifiable inferences are to be

drawn in . . . favor" of the non-moving party. Id. at 255. However, a mere "scintilla of evidence" in support of the non-moving party does not create a genuine issue of material fact. Id. at 252. Additionally, "the non-movant may not rest on speculation and conjecture in opposing a motion for summary judgment." Ramara, Inc. v. Westfield Ins. Co., 814 F.3d 660, 666 (3d Cir. 2016). We may summarily affirm a district court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

### III.

The District Court properly granted summary judgment for defendants, as Estien failed to exhaust his administrative remedies against Dunkle or Showalter and failed to show that Parkes was deliberately indifferent to his serious medical needs.

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust available administrative remedies before bringing a suit alleging unconstitutional conduct by prison officials. 42 U.S.C. § 1997e(a). "[P]roper exhaustion of administrative remedies is necessary" to fulfill the PLRA's exhaustion requirement. Woodford v. Ngo, 548 U.S. 81, 84 (2006). An inmate must substantially comply with a prison grievance system's procedural rules to avoid procedural default of a claim. See Spruill v. Gillis, 372 F.3d 218, 228-32 (3d Cir. 2004). The Pennsylvania Department of Corrections' grievance policy involves a three-step process that an inmate must fully complete in order to properly exhaust his administrative remedies under the PLRA. See Booth v. Churner, 206 F.3d 289, 292 n.2 (3d Cir. 2000), aff'd, 532 U.S. 731 (2001).

Estien submitted numerous grievances between June and July 2012 relating to the care that he was receiving for his injuries. Estien admits that although he initiated numerous grievances, he did not complete the three-step appeal process for any of them. He argues that he attempted to complete the full process for one grievance relevant to this appeal, but that his request for an extension of time to file his appeal was denied. He also claims that he requested free photocopies of his appeal paperwork from the prison law library to pursue his appeal but was denied them as his prison account did not meet the threshold for receiving free copies. He does not explain why that finding was inaccurate or demonstrate how it prevented him from pursuing that appeal. Nor does he explain why he failed to pursue any of the other appeals. Estien has not shown that he was "thwarted [in] his efforts to exhaust his administrative remedies" such that the grievance process was not "available" to him. See Brown v. Croak, 312 F.3d 109, 113 (3d Cir. 2002). Thus, Dunkle and Showalter are entitled to summary judgment.[2]

The District Court also properly granted summary judgment to defendant Parkes, as Estien failed to show that she was deliberately indifferent to his serious medical needs.

---

[2] Defendant Parkes did not raise the issue of exhaustion in her summary judgment motion or subsequent briefs. We note that Parkes did raise this issue in her answer to Estien's complaint and that Estien was on notice of the exhaustion issue as the other defendants raised it and it applies equally to all defendants in this case. Additionally, Parkes' attorney asked Estien at his deposition about whether any of his grievances had addressed Parkes' actions, and Estien admitted that most of them had not; he could not identify the one in which he believed he had included Parkes. Nonetheless, defendants have the "burden of proving the affirmative defense of failure to exhaust remedies." Brown v. Croak, 312 F.3d 109, 112 (3d Cir. 2002). As Parkes did not pursue this defense on summary judgment, we address the merits of Estien's claim against her.

The Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976). "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 106. Establishing a claim requires proving both an objective component—"a serious medical need"—and a subjective component—"acts or omissions by prison officials that indicate deliberate indifference to that need." Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003). A plaintiff may show deliberate indifference by demonstrating that "there was objective evidence that [the] plaintiff had serious need for medical care . . . and prison officials ignored that evidence" or where "necessary medical treatment is delayed for non-medical reasons." Id. (internal quotation marks omitted).

Estien's only evidence in support of his deliberate indifference claim against Parkes is his personal belief that Parkes failed to schedule him to receive medical care between April 17-20, either delayed scheduling or failed to schedule a follow-up appointment on April 23 for hand surgery after his emergency room visit on April 20, and generally failed to timely schedule other external medical appointments.

As the District Court concluded, Estien's speculations are insufficient to allow his claim against Parkes to survive summary judgment. The record demonstrates that Parkes is not a medical professional; she did not provide medical services. She was responsible for the administrative duty of scheduling medical appointments for inmates, based on the

6

availability of external healthcare providers and the availability of prison personnel to transport the inmate to an external appointment.  She scheduled appointments only at the direction of prison medical staff; she could not initiate appointments herself.  Parkes did not have access to inmate medical records or their medical conditions in her administrative capacity.

Estien's medical records repeatedly contradict his assertion that any doctor recommended at the emergency room on April 20 that he be scheduled for a follow-up appointment on April 23, which is the only way Parkes would have been informed to schedule an appointment for him.  His remaining allegations are equally unfounded. There is no evidence that Parkes knew what Estien's condition was, as she did not have access to his medical records.  Estien's vague conjecture that Parkes somehow both knew about his condition and neglected to schedule medical care for him between April 17-20 fails to establish her knowledge or that any medical professional informed Parkes about his condition and instructed her to take any action.  See Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004) ("[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference.").  Estien's general allegations about Parkes' failure to schedule later appointments at some point in the following months fare no better, as they are based entirely on his belief about what Parkes knew and do not specifically describe any instances when she failed to schedule him for medical

7

intervention as directed to by medical providers.  Thus, Parkes was entitled to summary

judgment.